# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 06-31048
Summary Calender

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WENDELL L. BAILEY,

Defendant-Appellant.

Appeal from the United States Eastern District of Louisiana, New Orleans
No. 05-286-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Wendell L. Bailey was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's denial of his motion to suppress the weapons. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Exactly one week after Hurricane Katrina, ATF agents were patrolling the streets of New Orleans and had received reports of gunfire. Initially, the agents heard gunfire but did not see the gunman. Subsequently, while the agents were looking in the direction of a residence at 1833 Jo Ann Place in Algiers, they observed a man pointing a flashlight in the sky in the direction of an overhead helicopter. Another man appeared outside the residence. One of the males lifted his arm above his head, and the agents saw a muzzle flash and heard a gunshot. They also saw a helicopter flying overhead. The gunman and another individual entered the dwelling. The agents called for the occupants to exit, and Bailey was arrested. While conducting a protective sweep, the agents observed a box of 9 mm cartridges on a couch. An agent testified that upon being questioned, Bailey directed them to the guns under a mattress. These guns are the subject of the motion to suppress, which the district court denied based on exigent circumstances. A jury found Bailey guilty of being a felon in possession of a firearm.[1]

On appeal, the parties disagree with respect to what standard of review is applicable to the district court's finding of exigent circumstances. Because the district court's finding of exigent circumstances withstands scrutiny under either de novo or clear error review, we need not reach this contention.

---

[1] The jury deadlocked as to the charge of attempt to damage or destroy an aircraft, and the district court later dismissed that count.

Bailey argues that the district court erred in finding exigent circumstances to justify the warrantless search that resulted in obtaining the weapons. In determining whether exigent circumstances existed, this Court applies the following non-exhaustive list of factors:

> 1. the degree of urgency involved and the amount of time necessary to obtain a warrant;
>
> 2. the reasonable belief that contraband is about to be removed;
>
> 3. the possibility of danger to the police officers guarding the site of contraband while a search warrant is sought;
>
> 4. information indicating that the possessors of the contraband are aware that the police are on their trail; and
>
> 5. the ready destructibility of the contraband and the knowledge that efforts to dispose of [contraband] and to escape are characteristic behavior of persons engaged in the [contraband] traffic.

United States v. Gomez-Moreno, 479 F.3d 350, 354-55 (5th Cir. 2007) (citation omitted). In determining exigency, we "consider the appearance of the scene of the search in the circumstances presented as it would appear to reasonable and prudent men standing in the shoes of the officers." United States v. Rodea, 102 F.3d 1401, 1405 (5th Cir. 1996) (internal quotations and citation omitted). Here, the scene created by Katrina is darkness and disrupted communications due to extended loss of power.

Bailey contends that "there was a functioning judicial mechanism through which the agents could have gotten a warrant." In support of this contention, he

relies on the global order entered by the Chief Judge of the Eastern District of Louisiana on August 31, 2005, which continued all criminal trials for 90 days and excluded such time from Speedy Trial Act limits. Contrary to Bailey's contention, we believe such a continuance indicates that the judicial system was not functioning adequately.

Bailey also asserts that the search could have been postponed until the next morning. He asserts that there "was no reason to believe that the guns would be removed, especially if two of the agents stayed at the premises instead of returning to their encampment outside the Algiers Post Office."

We are convinced that the agents reasonably believed firearms would be removed from the dwelling before a search warrant could be obtained. Further, we reject Bailey's suggestion that the agents should have stayed at the home overnight. The agents reasonably believed that guarding the site until a search warrant could be obtained placed them in further danger. Our review of the factors indicate the district court properly found exigent circumstances in the aftermath of Katrina sufficient to justify a warrantless search.

AFFIRMED.